†Sayen v. Ryan.

</div>

EVIDENCE OF CHARACTER NOT ADMISSIBLE.

Upon the trial of an action brought by a woman to recover damages for an indecent as- sault, alleged to have been committed upon her by the defendant, evidence offered by him tending to show that he was, at the date of the alleged assault, a man of good gen- eral character is not admissible; nor is it competent in such action for the defendant to show that at the time of such alleged assault the general reputation of the plaintiff for chastity was bad.

ERROR to the court of common pleas of Lucas county.

SCRIBNER, J.

This case is before us on error. But a single question is presented for dis- position, and that is this: whether or not, on the trial of an action brought by a female to recover from an adult male damages for an alleged indecent assault, it is competent for the defendant to show by witnesses that he was of good reputation in the community in which he lived at the time of the alleged assault.

It appears from the record that on the trial counsel for the defendant made this tender to the court: " I offer, expect and intend to prove by this witness in answer to the question, that the reputation of the defendant, Dennis Sayen, as to being a lawabiding and orderly citizen, is good, is excellent, in the community in which he lives." The court excluded the testimony. Thereupon counsel for the defendant said: " We have several other witnesses here present on behalf of the defendant, by whom I offer to prove that the reputation of the defendant, Dennis

†Dismissed by Supreme Court, for failure to file printed record, June 18, 1895; see 2 News, 581.

Sayen, as a lawabiding and orderly citizen, is good in the community in which he lives." This testimony was also excluded by the court, and the defendant by his counsel excepted. It is urged here that the court erred in rejecting this testimony. We think not. It is not competent for the defendant, in a civil action, to show as a part of defense that he was a man of good reputation, where the act complained of constitutes in law a criminal offense.

It was suggested in memorandum submitted by counsel for defendant that an offer had been made to prove that the plaintiff was a woman of bad reputation; that she was reputed to be unchaste in the community in which she lived; and that this testimony was rejected by the court. Upon a very careful examination of the record we have been unable to find that any such offer was made or that there was any such ruling by the court. We think, also, that it would have been improper for the court to admit such testimony

The judgment will be affirmed.

*I. E. Pilliod*, for Plaintiff in Error.

*L. H. Wilkinson*, for Defendant in Error